FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2022 ★
LONG ISLAND OFFICE

RECEIVED
MAY 3 1 2022
EDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,

        Plaintiff,
  -against-

DYANE LAGREGA,
       Defendant.
------------------------------------------------------------------X

21-cv-01510

ANSWER AND COUNTERCLAIMS

I, DYANE LAGREGA, the Defendant in the above-referenced action, acting *pro se*, hereby submit the following Answer and Counterclaims to the Plaintiff's Complaint.

## ANSWER

1. I lack sufficient knowledge or information to form a belief as to paragraph 1.
2. I lack sufficient knowledge or information to form a belief as to paragraph 2.
3. I admit the allegations set forth in paragraph 3.
4. I lack sufficient knowledge or information to form a belief as to paragraph 4.
5. I lack sufficient knowledge or information to form a belief as to paragraph 5.
6. I lack sufficient knowledge or information to form a belief as to paragraph 6.
7. I lack sufficient knowledge or information to form a belief as to paragraph 7.
8. I lack sufficient knowledge or information to form a belief as to paragraph 8.
9. I lack sufficient knowledge or information to form a belief as to paragraph 9.
10. I lack sufficient knowledge or information to form a belief as to paragraph 10.
11. I lack sufficient knowledge or information to form a belief as to paragraph 11.
12. I lack sufficient knowledge or information to form a belief as to paragraph 12.
13. I lack sufficient knowledge or information to form a belief as to paragraph 13.

14. I lack sufficient knowledge or information to form a belief as to paragraph 14.

15. I lack sufficient knowledge or information to form a belief as to paragraph 15.

16. I lack sufficient knowledge or information to form a belief as to paragraph 16.

### Affirmative Defenses

### First Affirmative Defense

Failure to Provide Notice of Default. Plaintiff failed to comply with the requirements for the notice of default in my mortgage loan agreement, a condition precedent to this foreclosure action.

### Second Affirmative Defense

Accord and Satisfaction. Plaintiff engaged in conduct and actions to constitute an accord and satisfaction concerning the obligations, conduct, or acts at issue in the Complaint, barring recovery from Defendant.

### Third Affirmative Defense

**Failure of Consideration.** Upon information and belief, the claims alleged in the Complaint are barred because Plaintiff engaged in conduct and actions constituting failure of consideration.

### Fourth Affirmative Defense

**Fraud.** Upon information and belief, the claims alleged in the Complaint are barred because Plaintiff engaged in conduct and actions that constitute fraud.

### Fifth Affirmative Defense

**Estoppel.** Upon information and belief, Plaintiff engaged in conduct and activities with respect to the subject of this litigation, and by reason of said activities and conduct, is estopped from asserting any claims for damages or seeking any other relief from Defendant.

### Sixth Affirmative Defense

**Failure to Abide by 90-Day Notice Requirement.** Upon information and belief, Plaintiff failed to comply with the requirements of NY Real Property Actions and Proceedings Law Sec. 1304, a condition precedent to this foreclosure action.

### Seventh Affirmative Defense

**Failure to Abide by 90-Day Notice Filing Requirement.** Upon information and belief, Plaintiff failed to comply with the requirements of NY Real Property Actions and Proceedings Law Sec. 1306, a condition precedent to this foreclosure action.

### Eighth Affirmative Defense

**Failure to Abide by Help For Homeowners in Foreclosure Notice Requirement.** Upon information and belief, Plaintiff failed to comply with the requirements of NY Real Property Actions and Proceedings Law Sec. 1303, a condition precedent to this foreclosure action.

### Ninth Affirmative Defense

**Failure to Abide by Real Estate Settlement Procedures Act (RESPA) Early Intervention Requirement (12 C.F.R. Sec. 1024.39).** Upon information and belief, Plaintiff violated the early intervention requirements of the RESPA because: (a) within 36 days of my delinquency, the loan servicer did not attempt to establish live contact with me to inform me about the availability of loss mitigation options, and (b) within 45 days of my delinquency, the loan servicer did not send me a written notice that included contact information for the servicer, a description of loss mitigation options available from the servicer, information about applying for loss mitigation, and a website listing housing counselors.

### Tenth Affirmative Defense

**Failure to Abide by RESPA Pre-Foreclosure Review Requirement (12 C.F.R. Sec. 1024.41).** Upon information and belief, Plaintiff impermissibly filed this foreclosure during the pre-foreclosure review period because: (a) plaintiff commenced this action before my loan was more than 120 days delinquent, and (b) I submitted a complete loss mitigation application to my loan servicer but Plaintiff commenced this action (1) before the loan servicer made a decision on that application, (2) before the time period to appeal thee loan servicer's decision lapsed, or (3) before the loan servicer made a decision on an appeal I submitted in connection with the loss mitigation application.

### Eleventh Affirmative Defense

**Failure to Abide by FHA Pre-Foreclosure Requirements.** Upon information and belief, my loan is insured by the Federal Housing Administration and the loan servicer/mortgagee has not complied with regulations of the Department of Housing and Urban Development because the loan servicer/mortgagee did not do one or more of the following: (a) send me a notice of default before the end of the second month of my delinquency (24 C.F.R. § 203.602), (b) attempt to arrange a face-to-face interview with me before three full monthly installments due under the mortgage were unpaid (24 C.F.R. § 203.604), (c) evaluate me for loss mitigation before four full monthly installments due under the mortgage were unpaid (24 C.F.R. § 203.605), and (d) wait until three full monthly installments due under the mortgage were unpaid before commencing this foreclosure action (24 C.F.R. § 203.606).

### Twelfth Affirmative Defense

**Failure to Comply with Certificate of Merit Requirement (NY Civil Practice Law and Rules § 3012-b).** Upon information and belief, Plaintiff failed to comply with the Certificate of Merit requirements of NY Civil Practice Law and Rules § 3012-b.

### Thirteenth Affirmative Defense

**Excessive Interest (NY Civil Practice Law and Rules § 5001(a)).** Upon information and belief, Plaintiff has unreasonably delayed filing this action, failed to file the Request for Judicial Intervention and/or engaged in other dilatory conduct causing excessive interest to accrue which the Court may reduce or toll, as a matter of equity and pursuant to NY Civil Practice Law and Rules § 5001(a).

### Fourteenth Affirmative Defense

**Coronavirus Foreclosure Moratoriums/Forbearance and Loss Mitigation Programs.** Upon information and belief, Plaintiff failed to comply with federal or New York State law requiring forbearance and loss mitigation programs for borrowers affected or impacted by the Coronavirus pandemic, or it commenced this action in violation of federal or New York State law imposing moratoriums on the commencement of residential foreclosure actions, or otherwise in violation of any applicable Executive Order promulgated by the Governor of the State of New York or Administrative Orders promulgated by the Chief Administrative Judge of the State of New York. Equitable Defenses.

### Fifteenth Affirmative Defense

**Unclean Hands and/or Unconscionability.** Upon information and belief, this action is barred by the doctrine of unclean hands and/or unconscionability.

### Sixteenth Affirmative Defense

**Breach of Implied Covenant of Good Faith and Fair Dealing.** Upon information and belief, Plaintiff or its predecessor-in-interest violated the covenant of good faith and fair dealing implied in all contracts and is barred from recovery in this action.

### Seventeenth Affirmative Defense

**Lack of Standing.** Upon information and belief, Plaintiff was not the legal owner of the note and/or mortgage, and did not otherwise have the right to enforce the mortgage, at the time it commenced this foreclosure lawsuit and thereof.

### **COUNTERCLAIM**

1. Defendant-Counterclaimant, as and for her Counterclaims against Plaintiff-

    Counterclaimant Defendant, alleges as follows:

2. **Violations of NY Real Property Law § 280-b.** I have been injured by reason of Plaintiff's and/or its predecessor-in-interest's violations of NY Real Property Law § 280-b or the rules and regulations of the federal Department of Housing and Urban Development relating to the home equity conversion mortgage program and I am therefore entitled to recover treble and actual damages, in addition to reasonable attorneys' fees if I retain an attorney, in an amount to be proven at trial.

3. **Attorney's Fees (NY Real Property Law § 282):** If I retain counsel, I am entitled to recover my attorney's fees in defending this action pursuant to New York Real Property Law § 282.

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court enter judgment:

1. On the Complaint in favor of Defendant,
2. On the Counterclaims in favor of Plaintiff, awarding money damages and attorney's fees should I obtain counsel;
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted.

Dated: May ___, 2022

_____
DYANE LAGREGA
*Pro Se*
130 Cinnamon Ct.
Melville, NY 11747

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 3 1 2022 ★

5-27-22

LONG ISLAND OFFICE

Att: Judge –
Pro-se office –

Hello! Hope this finds you well! I am responding to (2) Cases.

① As per GreenMountain, I have enclosed my answer +(as per Jess-prose office) I will make sure Attorney for them, Danielle Light recieves a copy for sure. I am requesting a phone call with the Judge please, so that we can resolve this case ASAP.

Diane M. LaGrega

5 27 22

As per my case with Melville. HOA —

I am requesting an extension of time — please —!

I have an open application with the New York State Homeowners fund and they assure me that I will have help through them. They pay the HOA direct. They just need a verification & I'm all set. They asked for my patience as they are inundated! May I have some time please —

5-27-22

A huge thank you to my Judge and the wonderful people at the pro-se office. And the Hofstra lawyers -
So helpful to me.
I am grateful.
I appreciate you.

Dyane M. LaGregu
Direct -
(516) 361-3877


**PRESS FIRMLY TO SEAL**  FLAT RATE ENVELOPE


MAY 28 2022 USPS MELVILLE NY 11747

# UNITED STATES POSTAL SERVICE®  | PRIORITY® MAIL

**FROM:**

Dyane M. LaGrega
130 Cinnamon C
Melville, NY 1174[7]

- Expected delivery date specifi[ed] [domes]tic use.
- Most domestic shipment[s include] insurance (restrictions apply).*
- USPS Tracking® inc[luded to many] international destinations.
- Limited intern[ational...]
- When u[sing...] [custom form] is required.

Insurance do[es not cover...] [regardin]g claims exclusions see the
Domestic Mail [Manual...]
* See Internation[al Mail Manual at usps.c]om for availability and limitations of coverage.


USPS TRACKING #
9114 9022 0078 9328 2430 08

**TO:**
US Dist. Crt.
Eastern Distric[t]
Att: Pro-se Offi[ce]
- Response -
100 Federal Plaza
Central Islip NY
11722

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED


PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP